IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No.: 4:16-CR-118-A |
| | § | |
| AMANDA NICOLE RISOVI (06) | § | |

## DEFENDANT RISOVI'S MOTION FOR DOWNWARD VARIANCE AND BRIEF IN SUPPORT

To the Honorable John H. McBryde:

COMES NOW, the Defendant, Amanda Nicole Risovi, by and through the undersigned counsel of record, and hereby moves the Honorable Court for a downward variance from the sentencing guidelines. Specifically, he requests the Court to consider, as a basis for downward variance, the following:

1. Ms. Risovi came from a disadvantaged background.
2. Ms. Risovi suffered extraordinary physical or sexual abuse as a child.
3. Ms. Risovi has a significant drug addiction.

### I. Amanda Nicole Risovi

The Defendant pled guilty to one count of Conspiracy to Possess With Intent to Distribute a Controlled Substance under 21 U.S.C. § 846, 841(a)(1) & (b)(1)(c). On the basis of her guideline calculation, the PSR recommends a term of 360 months to life imprisonment. [PSR, π 86] However, because the statutorily authorized maximum sentence of 20 years is less then the minimum of the applicable guideline range, the guideline term becomes 240 months. [PSR, π 86]

Ms. Risovi is a 34 year-old woman came from a disadvantaged background, suffered extraordinary physical or sexual abuse as a child and has a severe drug addiction.

As a child, Ms. Risovi was neglected, as well as physically and sexually abused for the majority of her childhood. [PSR, π 54] She also reports that her father was an alcoholic, and her mother was addicted to drugs and alcoholic. [PSR, π 54] As a result, the defendant assumed a parental role of her younger sister when she was 13 years old due to her parents not being able to properly care for their children. [PSR, π 54]

Ms. Risovi suffered extraordinary sexual and physical abuse as a child and reports she was abused sexually between ages 3 and 15. [PSR, π 65] Ms. Risovi advised her father had sex with her regularly by the time she was 11 years old, and he allowed multiple men to have sex with her and as a result her memory is substantially fragmented due to this extreme abuse. [PSR, π 65]

Ms. Risovi has suffered mental and emotional problems as a result of this sexusl abuse and has committed several suicide attempts, including once in 2010 and twice while in custody for this offense and Parker County Jail. [PSR, π 66-67] She reports that she was not suicidal at the time of her PSR Interview. [PSR, π 69]

Ms. Risovi also reports significant methamphetamine abuse. [PSR, π 70] She reports first using methamphetamine at the age of 11 to help her stay productive with school and running the household. [PSR, π 70] She reports methamphetamine as her drug of choice and would like to participate in the Residential Drug Abuse Program (RDAP) while incarcerated in the BOP. [PSR, π 70 & 73]

## II. Downward Variance Factors

Even before the guidelines became advisory a disadvantaged background has been recognized as a factor that makes a particular defendant less culpable. See, *United States v. Floyd*, 945 F.2d 1096 (9th Cir. 1991)(a departure was granted on the basis of abandonment by parents and lack of guidance); *California v. Brown*, 479 U.S. 538, 545 (1987)(Concurring opinion: stating that crimes attributable to disadvantaged backgrounds involve a lower level of culpability then those "without excuse."); See also, *State v. Wallace*, 494 U.S. 1047 (Arizona 1990)(citing *California v. Brown*).

An addiction to drugs has been also recognized as a mitigating factor, which the district court may take into consideration regarding the defendant's culpability. *U.S. v. Garcia*, 497 F.3d 964 (9th Cir. 2007) (where D convicted of drug conspiracy and sentenced to over 100 years, sentence vacated in part because district judge erred in holding it had no power to consider the defendant's drug addiction and resulting mental impairment as a mitigating factor under 18 U.S.C. § 3553(a).

The fact that the defendant suffered extraordinary physical or sexual abuse as a child may also be taken into consideration as a mitigating factor under 18 U.S.C. § 3553(a). U.S. v. Walter, 256 F.3d 891 (9th Cir. 2001) (where D sent threat to the president, district court could downward depart from 41 month sentence because combination of brutal beatings by defendant's father, the introduction to drugs and alcohol by his mother, and most seriously, the sexual abuse defendant faced at the hands of his cousin, constituted the type of extraordinary circumstances justifying consideration if the psychological effects of childhood abuse and establish diminished capacity); U.S. Brown, 9985 F.2d 478 (9th Cir. 1993) (where Defendant offered a letter recounting his

childhood of severe abuse and neglect and produced psychologist's report concluding that childhood trauma was the primary cause of Defendant's criminal behavior, court could grant downward departure); U.S. v. Roe, 976 F.2d 1216 (9th Cir. 1992) (court clearly erred in holding it did not have discretion to depart downward where defendant suffered extraordinary sexual abuse as a child).

### III. Argument

When examining the history and characteristics of Ms. Risovi under § 3553(a) it becomes quickly apparent she came from a disadvantaged background, suffered extraordinary sexual abuse as a child and has a drug addiction. Unfortunately this horrific sexual abuse has led to the development of a severe drug addiction. Ms. Risovi has had an extremely difficult life, which has resulted in severe mental and emotional trauma. These factors contributed to the commission of her current offense.

While the cap is beneath the guideline calculation, it still means that Ms. Risovi now faces a sentence that is substantially longer then her previous incarceration. While progressive sanction regimes make sense, this disparity is excessive.

### IV. Requested Relief

Ms. Risovi did in fact commit the instant offense and is likely to receive a substantial sentence even if this motion is granted. However, the guideline range is

substantially larger than is necessary to rehabilitate this defendant given her disadvantaged background, addiction to drugs and extraordinary sexual abuse. Hopefully these factors lead to the conclusion that a guideline sentence substantially exceeds what is necessary to accomplish § 3553(a) factors and that downward variance would be justified.

Respectfully submitted,

*Steven Jumes*
Steven Jumes
Texas Bar No. 00796854
Varghese, Summersett, & Smith
300 Throckmorton, Ste. 1650
Fort Worth, Tx 76102
(T) (817) 203-2220
(F) (817) 203-2220
steve@versustexas.com

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he sent a copy of the above and foregoing Defendant Newton's Motion for Downward Variance and Brief in Support to Assistant United States Attorney Shawn Smith via email on August 29, 2016. Mr. Smith is opposed to the relief requested.

*Steve Jumes*
Steve Jumes

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing Defendant Risovi's Motion for Downward Variance and Brief in Support was served on Assistant United States Attorney Shawn Smith and on United States Probation Officer Molly Mouret via hand delivery this 29th day of August 2016.

*Steven Jumes*
Steven Jumes

Defendant Risovi's Motion for Downward Variance and Brief in Support        5